UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS W. GALANTE,

                Plaintiff,                          15-CV-6267 (ARR) (RLM)

    -against-                                 OPINION AND ORDER

QUEENS BOROUGH PUBLIC LIBRARY, HAEDA    NOT FOR ELECTRONIC OR
MIHALTSES, and JUDITH BERGTRAUM,              PRINT PUBLICATION

                Defendants.
-----------------------------------------------------------------X

ROSS, United States District Judge:

        Plaintiff, Thomas W. Galante, is the former President and Chief Executive Officer of the Queens Borough Public Library ("the Library"), a New York not-for-profit corporation. He brought this action against the Library and two if its trustees, Haeda Mihaltses and Judith Bergtraum. See Second Am. Compl., Dkt. #24. Pending before this court is plaintiff's Motion for Reimbursement and Advancement of Reasonable Expenses Including Legal Fees Pursuant to New York Not-for-Profit Corporation Law § 724(c). See Pl.'s Mot. for Reimbursement and Advancement of Reasonable Expenses, Dkt. #35. For the reasons that follow, plaintiff's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

        This court assumes familiarity with the factual and procedural background of this action, which it sets forth in its recent opinion and order in this matter resolving a motion to dismiss. See Op. & Order, Dkt. #51, at 1-8. The brief summary below describes only the Library's counterclaims against Galante, upon which Galante's instant motion rests.

        The Library has asserted counterclaims against Galante for breach of fiduciary duty, conversion, recoupment of legal fees and costs, and replevin. See Def. Queens Borough Public

1

Library's Answer and Defenses to Second Am. Compl. and Countercls., Dkt. #25, ¶¶ 28-50. The Library alleges that, *inter alia*, Galante "charg[ed] a multitude of personal expenses for goods and services to the Library – such as meals, food and beverages (including alcoholic beverages), tickets for parking violations, automobile-related expenses, concert tickets, movies, amusement park admission, furniture and furnishings for his office, office roof deck or home, and books he bought on Amazon for his Kindle," id. ¶ 8; "was effectively working full-time for [another employer . . .] in violation of" his obligations to the Library, id. ¶ 12; "was conducting personal business on Library time," id. ¶ 14; "utilized the legal services of the Library's outside counsel for his own personal benefit and to promote his own interests," id. ¶ 15; and has "retained possession of . . . property belonging to the Library, and has ignored or refused to comply with the Library's repeated demands that he return all such property to the Library," id. ¶ 21.

Galante denies nearly all of the allegations contained in the Library's counterclaims. See Pl.'s Answer to Countercls., Dkt. # 22, ¶¶ 8, 12, 14-15, 21. He maintains that the expenditures alleged by the Library to have been for his personal gain were in fact for the benefit of the Library; that the Library was aware of and expressly approved his outside consulting work; and that he has not wrongfully retained any property belonging to the Library. See Pl.'s Mem. of Law in Support of Mot. for Reimbursement and Advancement of Reasonable Expenses ("Pl.'s Br."), Dkt. #35-1, at 6-7, 9.

Galante now seeks an order under the New York Not-for-Profit Corporation Law § 724(c) requiring the Library (1) to advance reasonable litigation expenses in connection with his defense against the Library's counterclaims, (2) to reimburse such defense costs to date, and (3) to reimburse his reasonable fees incurred in bringing this motion. See Pl.'s Mot. for Reimbursement and Advancement of Reasonable Expenses, Dkt. #35.

## DISCUSSION

### I. Statutory Framework

New York Not-for-Profit Corporation Law § 724(c) allows a director or officer of a not-for-profit corporation to seek advancement of legal fees when a lawsuit is filed against him for which he may ultimately be entitled to indemnification. Advancement under § 724(c) is available even when the employment contract and the by-laws of the not-for-profit corporation are silent as to whether advancement is available.[1]

The purpose of advancement is "to allow directors [and officers] to defend themselves" by ensuring that they can access funds to pay for legal fees during the pendency of the lawsuit. Levy v. Young Adult Inst., Inc., No. 13-cv-02861, 2015 WL 5333536, at *6 (S.D.N.Y. Sept. 14, 2015). Because the purpose of advancement is to enable directors and officers to present a defense, advancement is available even when claims are levied against officers and directors that, if successful, would ultimately render the director or officer ineligible for indemnification. See Sierra Rutile Ltd. v. Katz, No. 90 Civ. 4913, 1997 WL 431119, at *1-2 (S.D.N.Y. July 31, 1997) ("[T]he Court may order [a] corporation to advance litigation expenses, notwithstanding the corporation's allegations that the director or officer engaged in wrongdoing against the corporation.").[2] All fees advanced under § 724(c) "shall be repaid . . . [if] the person receiving

---

[1] The Library misapprehends the nature of the statutory right. It argues that "[i]n order for the Court to grant Galante's motion . . . he must demonstrate that he is entitled to such relief under both the [New York Not-for-Profit Corporation Law] *and* the Library's by-laws." Def.'s Br. 3. No authority supports this proposition.

Advancement need not be provided by the contract or the corporation's by-laws in order for an officer to be entitled to advancement under § 724(c). The Court may grant Galante's motion if he is entitled to such relief under New York Not-for-Profit Corporation Law § 724(c) unless the Library proves that this relief is otherwise *barred* by the Library's by-laws or by agreement. See N.Y. Not-For-Profit Corp. Law § 725(b); Levy v. Young Adult Inst., Inc., No. 13-CV-02861, 2015 WL 5333536, at *4 (S.D.N.Y. Sept. 14, 2015); Happy Kids, Inc. v. Glasgow, No. 01 Civ. 6434, 2002 WL 72937, at *4 (S.D.N.Y. Jan. 17, 2002) (holding that the party opposing the motion "has not met its burden of proof to show that indemnification is not available") (emphasis added).

[2] New York Business Corporation Law §§ 720-726 contain indemnification and advancement provisions that are virtually identical to the Not-For-Profit Law provisions at issue here. The two laws are "widely considered to be analogous." Levy, 2015 WL 5333536, at *2 n.5. Following the practice of other courts and the parties, this opinion cites to authority from both sets of statutes. See, e.g., Def. Library's Mem. in Opp'n to Pl.'s Mot. for

such advancement or allowance is ultimately found . . . not to be entitled to indemnification." N.Y. Not-for-Profit Corp. Law § 725(a).

Section 724(c) permits the court to order advancement of legal fees whenever "the court . . . find[s] that the defendant has by his pleadings or during the course of the litigation raised genuine issues of fact or law." § 724(c). This burden "is not a stringent one." Levy, 2015 WL 5333536, at *2. However, notwithstanding this lenient standard, a court may not order advancement if such advancement would be "inconsistent with a provision of the certificate of incorporation, a by-law, a resolution of the board . . . , an agreement or other proper corporate action, in effect at the time of the accrual of the alleged cause of action." N.Y. Not-for-Profit Corp. Law § 725(b)(2).

Advancement under § 724(c) is limited in scope to "such reasonable expenses . . . as are necessary in connection with [the] defense." Id. § 724(c).

## II. Application

### A.

The statutory provision providing for advancement of legal expenses, New York Not-for-Profit Corporation Law § 724(c), applies only to actions against a director or officer of a not-for-profit corporation. The parties disagree about whether Galante was an officer of the Library.

Section 713 of the New York Not-for-Profit Corporation Law, titled "Officers," provides that:

> The board may elect or appoint a chair or president, or both, one or more vice-presidents, a secretary and a treasurer, and such other officers as it may determine, or as may be provided in the by-laws. These officers may be designated by such alternate titles as may be provided in the certificate of incorporation or the by-laws. . . . All officers as between themselves and the corporation shall have such

---

Reimbursement and Advancement of Legal Fees and Expenses ("Def.'s Br."), Dkt. #39, at 12; Pl.'s Mem. in Reply to Def. Library's Mem. in Opp'n. to Pl.'s Mot. for Reimbursement and Advancement of Legal Fees and Expenses ("Pl.'s Reply"), Dkt. #41, at 5.

4

authority and perform such duties in the management of the corporation as may be
provided in the by-laws or, to the extent not so provided, by the board.

N.Y. Not-for-Profit Corp. Law § 713(a),(e). Galante argues that he was an officer of the Library within the meaning of the statute because he was charged by the Library's Board with managing the Library's affairs, supervising the Library's staff, and maintaining general control over the library system. See Pl.'s Mem. in Reply to Def. Library's Mem. in Opp'n. to Pl.'s Mot. for Reimbursement and Advancement of Legal Fees and Expenses ("Pl.'s Reply"), Dkt. #41, at 3-4. The Library claims that under the Library's by-laws, as amended May 2, 2016, Galante is a key executive employee and not an officer. See Def. Library's Mem. in Opp'n. to Pl.'s Mot. for Reimbursement and Advancement of Legal Fees and Expenses ("Def.'s Br."), Dkt. #39, at 5. But, as the plaintiff correctly points out, these 2016 by-laws explicitly designate the President and Chief Executive Officer as an Officer of the Library for indemnification purposes.[3] See Pl.'s Reply at 2-3. The 2014 version of the Library's by-laws, offered by Galante, is less explicit—but it too provides for indemnification of the President and Chief Executive Officer. See Pl.'s Br. Ex. A, at Art. XIX. Because significant authority was delegated to Galante by the Library's board, and the language of the 2014 by-laws' indemnification provision is very similar to the language of the New York Not-for-Profit Corporation Law, the best reading of the 2014 by-laws is that as President and Chief Executive Officer, Galante was an officer of the library for purposes of indemnification. Thus, as a former officer of the Library, Galante falls within the scope of § 724(c).

---

[3] Article XI of these by-laws, which governs indemnification, states that "[f]or the purposes of this Article XI, the officers of the Corporation shall include . . . key executive employees of the Corporation provided for in Article IV." See Def.'s Br. Ex. 1, at 27. In turn, Article IV states that "key executive personnel of the Corporation shall include the . . . President and Chief Executive Officer." Id. at 11.

**B.**

The court may order advancement of legal fees under § 724(c) upon finding that the director or officer "has by his pleadings or during the course of the litigation raised genuine issues of fact or law." N.Y. Not-for-Profit Corp. Law § 724(c). This is "'a far less demanding standard' than that necessary on a motion for summary judgment." Booth Oil Site Admin. Grp. v. Safety-Kleen Corp., 137 F. Supp. 2d 228, 237 (W.D.N.Y. 2000) (quoting Sequa Corp. v. Gelmin, 828 F. Supp. 203, 206 (S.D.N.Y. 1993)).

Galante has met his burden of raising genuine issues of fact or law with respect to the Library's counterclaims. The Library has asserted counterclaims against Galante for breach of fiduciary duty, conversion, recoupment of legal fees and costs, and replevin. See Def. Queens Borough Public Library's Answer and Defenses to Second Am. Compl. and Countercls., Dkt. #25, ¶¶ 28-50. Galante has generally denied the Library's allegations, see Pl.'s Answer to Countercls., Dkt. # 22, ¶¶ 8, 12, 14-15, 21, 28-50, and has provided a reasoned basis for doing so. For example, he maintains that the expenses alleged by the Library to have been for his personal gain were in fact for the benefit of the Library, and that the Library was aware of and expressly approved his outside consulting work. See Pl.'s Br. at 6-9. Galante's denial of the Library's counterclaims presents a genuine issue of fact that surpasses the standard required for advancement.

Because Galante is a former officer of a not-for-profit corporation who is seeking indemnification and has raised a genuine issue of fact, Galante is entitled to statutory advancement under § 724(c).

C.

Section 725 of the Not-for-Profit Corporation Law limits the availability of advancement under § 724(c). A court may not order advancement that would otherwise be available if such an order would be "inconsistent with . . . a resolution of the board . . . , an agreement[,] or other proper corporate action, in effect at the time of the accrual of the alleged cause of action asserted in the threatened or pending action . . . in which the expenses were incurred." N.Y. Not-for-Profit Corp. Law § 725(b)(2). The Library makes two arguments that § 725 bars Galante from seeking advancement. Neither is persuasive.

First, the Library argues that a resolution adopted by the Library's Board on January 28, 2016, which purported to retroactively revoke Galante's right to indemnification, bars Galante from seeking advancement. See Def.'s Br. at 6-8. A claim accrues when it "come[s] into existence as an enforceable claim or right." *Accrue*, Black's Law Dictionary (10th ed. 2014). As the plaintiff correctly explains, "[t]he Library's claims against Galante began to 'accrue' when Galante took the actions complained of as CEO and President, prior to December 19, 2014," because that is when the Library's counterclaims against Galante came into effect as an enforceable right. Pl.'s Reply at 8. Therefore, the Library's January 28, 2016 resolution does not bar Galante's motion, because it was not in effect when the Library's claims against Galante accrued.

Second, the Library argues that silence in the Library's by-laws regarding advancement should be strictly construed to bar advancement under § 724(c). See Def.'s Br. at 10 ("[T]he By-laws . . . [are] *completely silent* on the issue of advancement of legal fees. This silence dooms Galante's motion."). The Library relies on Hooper Assocs., Ltd. v. AGS Computs., Inc., 548 N.E.2d 903 (N.Y. 1989). In Hooper, the plaintiff sought indemnification *only under the terms of*

7

*the contract*. In that context, the court held that the contract's language must be "unmistakably clear" in order to provide indemnification. Id. at 905. But the Library's reliance on Hooper here is misplaced because this case deals with § 724(c), a *statutory* advancement provision. Under this statutory scheme, advancement is permitted unless barred by the by-laws or other agreement. N.Y. Not-for-Profit Corp. Law § 725(b)(2). Here —unlike in Hooper—silence in an agreement will not be interpreted as barring statutory advancement. Cf. Levy, 2015 WL 5333536, at *5 ("[S]ilence in the Employment Agreement cannot be interpreted as inconsistent with § 724 relief."). Therefore, silence in the Library's by-laws regarding advancement does not bar Galante from receiving advancement under § 724(c).[4]

In short, Galante meets the requirements for advancement under § 724(c): he is an officer of a not-for-profit corporation who is seeking indemnification and has raised a genuine issue of fact, for whom advancement is not otherwise barred by the organization's by-laws or by other agreement.

**D.**

The Library makes additional arguments that Galante is not entitled to advancement: that Galante acted in bad faith and that he acted in his personal, rather than official, capacity. See Def.'s Br. at 11-16. In making these arguments, the Library fails to distinguish between the different standards for determining whether a party is entitled to advancement or indemnification. Advancement, a temporary remedy, is determined by the § 724(c) standard

---

[4] The 2014 by-laws provide for the payment of the costs of "defen[se]" in addition to the costs of indemnification, Pl.'s Br. Ex. A, at Art. XIX; see also Pl.'s Reply at 9, and the 2016 by-laws explicitly grant the right to advancement of legal expenses, including attorneys' fees, see Def.'s Br. Ex. 1, at 26. In his reply, Galante argues for the first time that this language provides him a right to advancement under the by-laws themselves. I decline to rely on this argument because it was raised for the first time in the plaintiff's reply, see Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir.1993); Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005), but I agree with Galante that the most straightforward reading of these provisions is that the Library's by-laws explicitly provide for advancement.

8

described above. Indemnification, a permanent award, requires a much stricter standard. See Schlossberg v. Schwartz, No. 014491-11, 2014 WL 1976650, at *3 (N.Y. Sup. Ct. May 14, 2014) ("[T]he detailed analysis required for an indemnification determination is not required for an advancement determination."); Levy, 2015 WL 5333536, at *2 ("The court should not evaluate the merits of the claims when deciding whether to award advancement of fees.").

Because indemnification is judged by a much stricter standard than advancement, advancement is often available where, as here, claims are alleged against the director or officer that—if successful—would ultimately preclude the officer from being indemnified. See Sierra Rutile Ltd., 1997 WL 431119, at *1; Booth Oil, 137 F. Supp. 2d at 236 (ordering advancement of attorneys' fees but not indemnification where "parties dispute whether [one party] participated in the alleged wrongful conduct as [a] corporate director[] or officer[] and in good faith").

To be sure, the statutory indemnification provision requires that in order for an officer to *ultimately* be indemnified by the corporation for which he worked in an action by that corporation, he must have acted "in good faith" and "for a purpose which he reasonably believed to be in . . . the best interests of the corporation." N.Y. Not-for-Profit Corp. Law § 722(c). But such a determination is not made at this stage in the case, and cannot preclude advancement.

### III. Scope of Advancement

Plaintiff is entitled to advancement of funds for "such reasonable expenses . . . as are necessary in connection with [the] defense." N.Y. Not-for-Profit Corp. Law § 724(c).[5]

---

[5] The Library argues that the word "necessary" in the statute requires the movant to show his personal economic need as a prerequisite for advancement. Def.'s Br. at 5-6. However, it cites no authority that supports this argument. Moreover, the word "necessary" modifies the phrase "in connection with [the] defense" and clearly refers to the amount of expenses incurred during the litigation; it does not refer to the financial status of the officer or director.

*Separation of Affirmative and Defensive Expenses*: Plaintiff's advancement is limited to the expense of defending the counterclaims that the Library has asserted against him. He may not require the Library to advance the expense of litigating affirmative claims. When advancement is sought by a plaintiff for his defense against counterclaims, expenses must be "proper[ly] apportion[ed]" between the cost of defending against the lawsuit and litigating the plaintiff's affirmative claims—with acknowledgment that there "may be some overlap." Schlossberg, 2014 WL 1976650, at *10. Plaintiff must separate reasonable litigation expenses related to the counterclaims from other expenses incurred during this lawsuit.

*Retrospective and Prospective Advancement*: Plaintiff seeks prospective advancement of reasonable expenses, as well as retrospective reimbursement of reasonable litigation expenses already incurred. Section 724(c) permits advancement both prospectively and retrospectively. See Levy, 2015 WL 5333536, at *5. Therefore, plaintiff is entitled to advancement of both expenses already incurred and prospective expenses.

*Fees on Fees*: Plaintiff seeks reimbursement of fees incurred in bringing this motion for advancement. Starting from the general American Rule that fees are not awarded absent explicit statutory authority, the Court of Appeals of New York has been clear that statutory indemnification provisions should be strictly construed, and has held accordingly that the indemnification provision, § 722, is not sufficiently explicit to permit the award of fees-on-fees. Baker v. Health Mgmt. Sys., Inc., 772 N.E.2d 1099, 1103-04 (N.Y. 2002). The Court explained that § 722's fee award provision applies only to fees incurred "actually and necessarily . . . as a result of" an action filed against a director or officer, and reasoned that because the attorneys' fees required for litigating indemnification were caused by the other party's "refusal to

indemnify" rather than by the original lawsuit filed against the director, the fee provision did not apply. Id. at 1101-02.

Applying Baker's reasoning to the statutory advancement provision yields the opposite result. Baker requires that the advancement provision of § 724(c) be strictly construed. Section 724(c) permits advancement for expenses that are "necessary in connection with [the] defense." Even strictly construed, this provision must encompass fees expended litigating advancement, because advancement is necessary for litigants to be able to present a defense. The purpose of advancement is to permit the defendant to raise a defense to the claims against him. See Levy, 2015 WL 5333536, at *6. Fees expended litigating the advancement *are* fees necessary for the defense, for without the motion for advancement, the defendant may not be able to fund a defense at all. Therefore, plaintiff is entitled to advancement of fees incurred in bringing this motion.

## CONCLUSION

Plaintiff requests that this court order the Library to advance reasonable litigation expenses in connection with his defense against the Library's counterclaims, to reimburse such defense costs to date, and to reimburse his reasonable fees incurred in bringing this motion. For the reasons set forth above, plaintiff's motion for reimbursement and advancement of reasonable expenses including legal fees is hereby GRANTED.

The parties are reminded that all fees advanced must be repaid if the plaintiff is ultimately found not to be entitled to indemnification, or if the expenses advanced exceed the indemnification to which he is ultimately entitled. N.Y. Not-for-Profit Corp. Law § 725(a).

This matter is respectfully referred to Magistrate Judge Roanne L. Mann. The parties are directed to contact Magistrate Judge Mann to determine a payment schedule for the fees due to be advanced.

SO ORDERED.

s/Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: August 31, 2016
Brooklyn, New York